IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | |
|---|---|
| MARLON CAMARILLO, | Cause No. CV 13-64-BLG-SEH-CSO |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

_____

On May 13, 2013, Petitioner Marlon Camarillo filed this action for writ of habeas corpus under 28 U.S.C. § 2254. Camarillo is a state prisoner proceeding pro se.

The petition is Camarillo's second challenging his convictions for robbery, aggravated burglary, and deliberate homicide. *See Camarillo v. Mahoney*, No. CV 05-70-BLG-RWA-RFC (D. Mont. filed May 13, 2005). The first petition was denied on the merits. Order Adopting Findings and Recommendation (doc. 8), *Camarillo*, No.

1

CV 05-70-BLG (D. Mont. filed May 17, 2006).

District courts lack jurisdiction to consider a second or successive challenge to a conviction. 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). Moreover, the claim Camarillo raises in the current petition is identical to one of the claims in his first petition. *See* 28 U.S.C. § 2244(b)(1).

A certificate of appealability is not warranted because the procedural basis for dismissal is clear and inescapable. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Transfer of the petition to the Court of Appeals, 28 U.S.C. § 1631, is not in the interest of justice because Camarillo's claim was presented in his first petition, *id.* § 2244(b)(1), and lacks merit, Findings and Recommendation (doc. 6) at 5-8, *Camarillo*, No. CV 05-70-BLG.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. The Petition (doc. 1) should be DISMISSED.

2. A certificate of appealability should be DENIED.

3. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION**

### AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Camarillo may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Camarillo files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Camarillo from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Camarillo is cautioned that he must immediately inform the Court of any change in his mailing address</u>. Failure to do so may result in dismissal of this case without notice to him.

DATED this 21st day of May, 2013.

/s/ *Carolyn Ostby*
United States Magistrate Judge